USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA         :
                                    **ORDER**
        - v. -                   :
                                    10 Cr. 243 (VM)
VAUGHAN RICHMOND,                :

            Defendant.           :

                                 :
- - - - - - - - - - - - - - - - x

WHEREAS, with the defendant's consent, his guilty plea allocution was made before a United States Magistrate Judge on March 22, 2011;

WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.


SO ORDERED:


Dated:   New York, New York
         April 19, 2011

                                    _____
                                    THE HONORABLE VICTOR MARRERO
                                    UNITED STATES DISTRICT JUDGE

```
13m1ricp
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4          v.                              10-CR-243 (VM)
5  VAUGHAN RICHMOND,
6              Defendant.                  Plea
7  ------------------------------x
8                                          New York, N.Y.
                                           March 22, 2011
9                                          2:31 p.m.

10 Before:
11
                HON. JAMES C. FRANCIS,
12
                                           District Judge
13
14                       APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   JUSTIN ANDERSON
17      Assistant United States Attorney
   RITA CELEBREZZE, Intern
18
   DAVID S. JACOBS, ESQ.
19      Attorney for Defendant

13m1ricp

1           (In open court)
2           (Case called)
3           THE CLERK:  Counsel, please state your name for the
4    record.
5           MR. ANDERSON:  Good afternoon, your Honor.  Justin
6    Anderson appearing for the United States.  With me at counsel
7    table is Rita Celebrezze, a student at NYU, an intern at the
8    office.
9           THE COURT:  Good afternoon.
10          MR. JACOBS:  Good afternoon, your Honor.  David
11   Jacobs, 26 Court Street, Brooklyn, for Mr. Vaughan Richmond,
12   the defendant.
13          THE COURT:  Good afternoon.
14          MR. JACOBS:  Good afternoon.
15          THE COURT:  Mr. Richmond, I'm Judge Francis.
16          I believe that the first order of business is waiver
17   of the indictment.
18          THE CLERK:  You are Vaughan Richmond?
19          THE DEFENDANT:  I am.
20          THE CLERK:  Have you signed this waiver of indictment?
21          THE DEFENDANT:  Yes, I have.
22          THE CLERK:  Before you signed it did you discuss it
23   with your attorney?
24          THE DEFENDANT:  Yes, I did.
25          THE CLERK:  Did your attorney explain it to you?

```
     13m1ricp
 1             THE DEFENDANT:  Yes, he did.
 2             THE CLERK:  Did you understand what you were doing?
 3             THE DEFENDANT:  Yes.
 4             THE CLERK:  Do you understand that you are under no
 5   obligation to waive indictment?
 6             THE DEFENDANT:  Yes.
 7             THE CLERK:  Do you understand that if you do not waive
 8   indictment, if the government wants to prosecute you, they will
 9   have to present this case to a grand jury, which may or may not
10   indict you?
11             THE DEFENDANT:  Yes.
12             THE CLERK:  Do you understand that by signing this
13   waiver of indictment, you have given up your right to have this
14   case presented to a grand jury?
15             THE DEFENDANT:  Yes.
16             THE CLERK:  Do you understand what a grand jury is?
17             THE DEFENDANT:  Yes.
18             THE CLERK:  Have you seen a copy of the information?
19             THE DEFENDANT:  Yes, I have.
20             THE CLERK:  Do you waive its public reading?
21             THE DEFENDANT:  Yes.
22             THE CLERK:  Thank you.
23             THE COURT:  Mr. Richmond, the superseding information
24   charges you in four counts.  Count One charges conspiracy to
25   commit wire fraud and bank fraud, in violation of Title 18 of
```

1  United States Code Section 1349. Counts Two through Four
2  charge bank fraud and aiding and abetting bank fraud, in
3  violation of Title 18 United States Code Sections 1344 and 2.
4      You have the right to enter your plea before a United
5  States district judge. However, a United States magistrate
6  judge may take your plea, provided that you consent to that
7  procedure. I have before me a consent form. Have you read and
8  do you understand that form and did you sign it?
9      THE DEFENDANT: Yes, I have.
10     THE COURT: I'm going to ask you some questions in
11 connection with your plea. Please raise your right hand.
12     (Defendant sworn)
13     THE COURT: Please state your full name.
14     THE DEFENDANT: Vaughan Richmond.
15     THE COURT: Okay. What's your education?
16     THE DEFENDANT: Bachelor's degree in finance.
17     THE COURT: Are you now or have you recently been
18 under the care of a doctor or a psychiatrist for any reason?
19     THE DEFENDANT: No.
20     THE COURT: Are you currently taking any medication?
21     THE DEFENDANT: No.
22     THE COURT: Have you ever been treated for alcoholism
23 or drug addiction?
24     THE DEFENDANT: No.
25     THE COURT: Are you feeling all right today?

13m1ricp

1      THE DEFENDANT:  Yes.
2      THE COURT:  And you indicated that you received a copy
3  of the superseding information and that you've read it.  Do you
4  understand what it says that you did?
5      THE DEFENDANT:  Yes.
6      THE COURT:  Have you had time to talk to your attorney
7  about the charges and about how you wish to plead?
8      THE DEFENDANT:  Yes.
9      THE COURT:  Are you satisfied with your attorney?
10     THE DEFENDANT:  Yes.
11     THE COURT:  Are you ready to plead at this time?
12     THE DEFENDANT:  Yes.
13     THE COURT:  And what is your plea to Counts One, Two,
14 Three, and Four of the superseding information?
15     THE DEFENDANT:  Guilty.
16     THE COURT:  I need to determine whether your plea of
17 guilty is voluntary and whether you fully understand the
18 charges against you and the possible consequences of your plea.
19 I'm going to ask you some additional questions.
20     I remind you that the charge against you in Count One
21 is conspiracy to commit wire and bank fraud and the charges
22 against you in Counts Two, Three, and Four are bank fraud and
23 aiding and abetting bank fraud.  With respect to each of the
24 four counts, the law provides as a penalty a maximum term of
25 imprisonment of 30 years, a term of supervised release of up to

1   five years, a maximum fine which is the greatest of $1 million
2   or twice any gain derived from the offense or twice any loss to
3   persons other than yourself as a result of the offense, and a
4   mandatory $100 special assessment. Do you understand those
5   penalties?
6              THE DEFENDANT: Yes.
7              THE COURT: Do you understand that as part of any
8   sentence you would be required to make restitution to any
9   victims of your crime?
10             THE DEFENDANT: Yes.
11             THE COURT: Do you also understand that as part of the
12  plea agreement, you are agreeing to forfeit a sum of money
13  equal to $9,170,000 and that that is not treated as
14  satisfaction of any fine or restitution or cost of
15  imprisonment?
16             THE DEFENDANT: Yes.
17             THE COURT: Do you also understand that if you are
18  sentenced to prison and released on supervised release and you
19  violate the terms of supervised release, you could be returned
20  to prison without credit for the time spent on supervised
21  release? Do you understand that?
22             THE DEFENDANT: Yes.
23             THE COURT: Do you understand that if you are not a
24  United States citizen, you could be subject to deportation on
25  the basis of your conviction?

13m1ricp

1      THE DEFENDANT:  Yes.
2      THE COURT:  Do you understand that you have the right
3  to plead not guilty and the right to a jury trial on these
4  charges?
5      THE DEFENDANT:  Yes.
6      THE COURT:  Do you understand that if you plead not
7  guilty and go to trial, the burden would be on the government
8  to prove your guilt beyond a reasonable doubt?
9      THE DEFENDANT:  Yes.
10     THE COURT:  Do you understand that at a trial, you'd
11 be presumed innocent until the government proves your guilt?
12     THE DEFENDANT:  Yes.
13     THE COURT:  Do you understand that at a trial, you
14 would have the right to be represented by an attorney at all
15 stages and, if necessary, an attorney would be appointed for
16 you?
17     THE DEFENDANT:  Yes.
18     THE COURT:  Do you understand that at a trial, you
19 would have the right to confront and question any witnesses who
20 testify against you and the right not to be forced to testify
21 against yourself?
22     THE DEFENDANT:  Yes.
23     THE COURT:  Do you understand that at a trial, you'd
24 be entitled to testify on your own behalf, to present evidence,
25 to call witnesses to testify, and to subpoena those witnesses,

1    if necessary?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you understand that if you plead
4    guilty, there will be no trial of any kind and the
5    trial-related rights that I've just described no longer apply
6    and the only remaining step would be for the court to sentence
7    you?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Do you understand the nature of the
10   charges to which you are pleading?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you understand the range of penalties,
13   including the maximum sentence that you could receive on the
14   basis of your plea?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Have you and your attorney talked about
17   how the Sentencing Commission guidelines might apply to your
18   case?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Do you understand that the court will not
21   be able to determine the guidelines for your case until a
22   presentence report has been prepared and you and the government
23   have had the opportunity to challenge any facts reported there?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Do you understand that after it's been

13m1ricp

determined what guidelines apply to a case, the court has the authority in some circumstances to impose a sentence that is either more severe or less severe than that called for by the guidelines?

THE DEFENDANT: Yes.

THE COURT: Do you understand that under some circumstances, you or the government may have the right to appeal any sentence that's imposed?

THE DEFENDANT: Yes.

THE COURT: Do you understand that there is no parole and that if you are sentenced to prison, you will not be released on parole?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the answers you give to me today under oath may in the future be used against you in a prosecution for perjury or false statement if you do not tell the truth?

THE DEFENDANT: Yes.

THE COURT: Do you still wish to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Have any threats been made to you by anyone to influence you to plead guilty?

THE DEFENDANT: No.

THE COURT: Have any promises been made concerning any sentence you will receive?

13m1ricp

1        THE DEFENDANT: No.

2        THE COURT: I have before me a plea agreement dated
3    March 7th, 2011. Have you read and do you understand that
4    plea agreement, and did you sign it?

5        THE DEFENDANT: Yes.

6        THE COURT: Now that plea agreement provides in part
7    that if you provide substantial assistance to the government,
8    the government will issue what's known as a 5K1.1 letter for
9    purposes of sentencing. Do you understand that it is entirely
10   within the government's discretion to determine whether you
11   have provided substantial assistance? Do you understand that?

12       THE DEFENDANT: Yes.

13       THE COURT: Do you also understand that even if the
14   government issues such a letter, it will not bind either the
15   probation department in the sentence that it recommends nor the
16   district judge in the sentence that is ultimately imposed? Do
17   you understand that?

18       THE DEFENDANT: Yes.

19       THE COURT: Do you understand that as part of the plea
20   agreement, you are agreeing not to appeal or otherwise
21   challenge your conviction on the grounds that the government
22   has failed to produce discovery materials or information that
23   might tend to prove your innocence?

24       THE DEFENDANT: Yes.

25       THE COURT: Do you also understand that you're

13m1ricp

1  agreeing that your plea is binding regardless of any
2  immigration consequences that there may be?
3      THE DEFENDANT: Yes.
4      THE COURT: Now does the government wish to set forth
5  on the record the elements that it would prove at trial.
6      MR. ANDERSON: Yes, your Honor.
7      With respect to Count One, conspiracy to commit wire
8  and bank fraud, there are two elements. The first is that the
9  conspiracy charged in the indictment, in this case the
10 information, it says that, that is, there was an agreement or
11 understanding to commit a federal crime, in this case bank and
12 wire fraud; and second, that the defendant knowingly became --
13 the defendant knowingly became a member of the conspiracy.
14     With respect to Counts Two, Three, and Four, which are
15 the substantive bank fraud counts, there are three elements.
16 First is, there was a scheme to defraud a bank or a scheme to
17 obtain money or funds owned or under the custody or control of
18 a bank, by means of a materially false or fraudulent pretense,
19 representation, or promise; second, that the defendant executed
20 or attempted to execute the scheme with the intent to defraud
21 the bank; and third, that at the time of the execution of the
22 scheme, the bank was a financial institution within the meaning
23 of the statute because it was insured by the FDIC, the Federal
24 Deposit Insurance Corporation.
25     THE COURT: Thank you.

13m1ricp

1         Mr. Richmond, do you understand that if you were to go
2 to trial, the government would have to prove each of these
3 elements beyond a reasonable doubt?
4         THE DEFENDANT: Yes.
5         THE COURT: Is your plea voluntary and made of your
6 own free will?
7         THE DEFENDANT: Yes.
8         THE COURT: Did you commit the offenses charged?
9         THE DEFENDANT: Yes.
10        THE COURT: Tell me in your own words what you did.
11        THE DEFENDANT: I applied for mortgage loans that were
12 not -- that were not owner occupied or there were misstatements
13 on those applications.
14        The information was -- it misstated the owner
15 occupancy residence or income -- and/or the income of the
16 applicant.
17        THE COURT: And was this part of an agreement that you
18 made with others to engage in this conduct?
19        THE DEFENDANT: Yes.
20        THE COURT: Did this take place between about 2004 and
21 2007?
22        THE DEFENDANT: Yes.
23        THE COURT: And in February of 2006 was one of the
24 applications you made to Countrywide Mortgage Corporation?
25        THE DEFENDANT: Yes.

13m1ricp

1          THE COURT:  And that was in the amount of
2  approximately $440,000 for a residential property in Uniondale;
3  is that correct?
4          THE DEFENDANT:  Yes.
5          THE COURT:  And at the time you submitted that
6  application you provided false information; is that right?
7          THE DEFENDANT:  Yes.
8          THE COURT:  And was a second application made in or
9  about March 2006 to the Aurora Bank FSB with respect to a
10 property on 162nd Street in Manhattan?
11         THE DEFENDANT:  Yes.
12         THE COURT:  And again, information provided in
13 connection with that application was false; is that correct?
14         THE DEFENDANT:  Yes.
15         THE COURT:  And was there another application in about
16 March of 2006 made through Weyerhaeuser Mortgage Company with
17 respect to a property on Cathedral Avenue in Hempstead,
18 New York?
19         THE DEFENDANT:  Yes.
20         THE COURT:  And again, in connection with that
21 application, did you provide false information?
22         THE DEFENDANT:  Yes.
23         THE COURT:  With respect to each of those acts, did
24 you understand that what you were doing was wrong?
25         THE DEFENDANT:  Yes.

1            THE COURT:  Does the government have any other
2   questions it wishes to be asked?
3            MR. ANDERSON:  No, your Honor.  The government would
4   proffer that if the matter proceeded to trial, the government
5   would prove that each of those banks that were -- are listed in
6   the information were insured at the time by the FDIC.
7            THE COURT:  And it's my understanding that the
8   defendant is waiving any issue with respect to venue.  Is that
9   correct?
10           MR. JACOBS:  That's correct, Judge.
11           THE COURT:  Does the government have any other
12   questions it wishes to be asked?
13           MR. ANDERSON:  No, thank you, your Honor.
14           THE COURT:  Do you know of any reason why the
15   defendant should not plead guilty?
16           MR. ANDERSON:  I do not, your Honor.
17           THE COURT:  Mr. Jacobs, do you know of any such
18   reason?
19           MR. JACOBS:  No, sir.
20           THE COURT:  I'm satisfied the defendant understands
21   the nature of the charges against him and the consequences of a
22   plea of guilty, and I'm also satisfied that the plea is
23   voluntary and knowing and that there's a factual basis for it.
24   I would therefore recommend that Judge Marrero accept the
25   defendant's plea of guilty to Counts One, Two, Three, and Four

1   of the superseding information.

2   Is there a sentencing date?

3   MR. ANDERSON: There is not yet a sentencing date,
4   your Honor. Would the court set a control date of three months
5   out.

6   THE COURT: June the 24th as a control date. And a
7   presentence report will be prepared. Can the government
8   provide the case statement to -- well, do you want a
9   presentence report at this point?

10  MR. ANDERSON: No, thank you, your Honor.

11  THE COURT: We will defer that then.

12  MR. ANDERSON: Thank you.

13  THE COURT: Thank you all.

14  MR. JACOBS: Thank you.

15  THE COURT: I assume bail conditions continue?

16  MR. ANDERSON: Yes. Thank you, your Honor.

17  THE COURT: Bail conditions to be continued.

18                          o0o

19

20

21

22

23

24

25